1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BURTON DAY,                              No.  2:13-cv-0739 CKD P

12              Plaintiff,

13        v.                                  ORDER

14   BRET BANDLEY, et al.,

15              Defendants.

16

17        Plaintiff is proceeding pro se in this action and has consented to magistrate judge

18   jurisdiction over all matters.  See 28 U.S.C. § 636(c), ECF No. 4.  Plaintiff has requested

19   authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  Because plaintiff has

20   submitted the affidavit required by § 1915(a) showing he is unable to prepay fees and costs or

21   give security for them, the request to proceed in forma pauperis will be granted.  28 U.S.C.

22   § 1915(a).

23        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

24   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26   § 1915(e)(2).

27        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.

4        In order to avoid dismissal for failure to state a claim a complaint must contain more than

5   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

6   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

7   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

9   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

10  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

11  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

12  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

13  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

14  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

15  U.S. 232, 236 (1974).

16       Plaintiff is in the custody of the California Department of Mental Health at the Napa State

17  Hospital pursuant to civil commitment proceedings conducted in Yolo County.  Plaintiff had been

18  placed on conditional release, but plaintiff's release was revoked.  Defendant Bandley is an

19  employee of the Yolo County Public Defender's Office who represented plaintiff at his

20  revocation proceedings.  Defendant Olson is Bandley's supervisor.  Plaintiff 's claims concern

21  Bandley's representation of plaintiff during conditional release revocation proceedings and

22  Olson's supervision of Bandley.  Plaintiff requests that the court vacate the revocation of his

23  conditional release and seeks $1,000,000 in damages.

24       Under 42 U.S.C. § 1983, damages may be awarded to a plaintiff suffering a violation of

25  civil rights committed by a person acting under color of state law.  However, public defenders do

26  not act under color of state law for purposes of § 1983 when representing criminal defendants.

27  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Therefore, plaintiff may not obtain damages

28  against defendants in this action.

1    With respect to plaintiff's request that the revocation of his conditional release by the

2    Yolo County Superior Court be vacated, plaintiff would have to file a petition for writ of habeas

3    corpus under 28 U.S.C. § 2254.  A § 2254 petition is the exclusive remedy for a person in state

4    custody seeking earlier or immediate release.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

5    Plaintiff may seek relief through a § 2254 petition in this court, but plaintiff is cautioned that any

6    claim presented in such a petition must first be presented to and rejected by the California

7    Supreme Court.  Picard v. Connor, 404 U.S. 270, 276 (1971).

8    Because plaintiff has failed to state a claim upon which relief can be granted in this action,

9    his complaint will be dismissed.

10    In accordance with the above, IT IS HEREBY ORDERED that:

11    1.  Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted;

12    2.  Plaintiff's complaint is dismissed; and

13    3.  This case is closed.

14    Dated:  May 30, 2013

15    _____

16    CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

17    1
     day0739.dis

18

19

20

21

22

23

24

25

26

27

28