UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURTON DAY, | No. 2:13-cv-0739 CKD P |
| Plaintiff, | |
| v. | ORDER |
| BRET BANDLEY, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this action and has consented to magistrate judge jurisdiction over all matters.  See 28 U.S.C. § 636(c), ECF No. 4.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  Because plaintiff has submitted the affidavit required by § 1915(a) showing he is unable to prepay fees and costs or give security for them, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.
4        In order to avoid dismissal for failure to state a claim a complaint must contain more than
5  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
9  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
12 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
14 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
15 U.S. 232, 236 (1974).
16       Plaintiff is in the custody of the California Department of Mental Health at the Napa State
17 Hospital pursuant to civil commitment proceedings conducted in Yolo County.  Plaintiff had been
18 placed on conditional release, but plaintiff's release was revoked.  Defendant Bandley is an
19 employee of the Yolo County Public Defender's Office who represented plaintiff at his
20 revocation proceedings.  Defendant Olson is Bandley's supervisor.  Plaintiff 's claims concern
21 Bandley's representation of plaintiff during conditional release revocation proceedings and
22 Olson's supervision of Bandley.  Plaintiff requests that the court vacate the revocation of his
23 conditional release and seeks $1,000,000 in damages.
24       Under 42 U.S.C. § 1983, damages may be awarded to a plaintiff suffering a violation of
25 civil rights committed by a person acting under color of state law.  However, public defenders do
26 not act under color of state law for purposes of § 1983 when representing criminal defendants.
27 Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Therefore, plaintiff may not obtain damages
28 against defendants in this action.

1  With respect to plaintiff's request that the revocation of his conditional release by the Yolo County Superior Court be vacated, plaintiff would have to file a petition for writ of habeas corpus under 28 U.S.C. § 2254. A § 2254 petition is the exclusive remedy for a person in state custody seeking earlier or immediate release. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff may seek relief through a § 2254 petition in this court, but plaintiff is cautioned that any claim presented in such a petition must first be presented to and rejected by the California Supreme Court. Picard v. Connor, 404 U.S. 270, 276 (1971).

Because plaintiff has failed to state a claim upon which relief can be granted in this action, his complaint will be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted;

2. Plaintiff's complaint is dismissed; and

3. This case is closed.

Dated: May 30, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
day0739.dis